UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. 1:20-CR-00347-JPB |
| RYAN FELTON, | |
| Defendant. | |

## **ORDER**

On July 28, 2021, the Court set the above matter for a jury trial to begin on November 15, 2021. [Doc. 23]. On August 27, 2021, the parties requested a continuance of the trial date. [Doc. 24]. After a motion hearing, the trial was continued and rescheduled for December 15, 2021. See November 23, 2021 Docket Entry. On December 1, 2021, the parties again asked for a continuance. At a status conference, the Court discussed the continuance request and trial scheduling, and after considering the arguments made by the parties, informed the parties that trial would be scheduled for July 2022.

**IT IS HEREBY ORDERED** that the trial for this matter is reset to July 11, 2022, at 9:30 AM. The time from August 27, 2021, when the parties requested their first continuance, until July 11, 2022, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i) and (h)(v)(B)(iv). The Court finds that the ends of justice outweigh the best interests of

the public and Defendant in a speedy trial especially since failure to grant the continuances would have denied counsel reasonable time to prepare and continuity of counsel and would likely have resulted in a miscarriage of justice.

This case is first on the trial calendar. Motions in limine and proposed voir dire shall be filed on or before June 10, 2022, and responses to motions in limine shall be filed on or before June 24, 2022. Only one consolidated motion in limine shall be filed by each party, and the motion shall not exceed twenty-five pages. The response brief to the motion in limine shall also not exceed twenty-five pages.

A single, unified set of requests to charge and proposed verdict forms are required to be filed the day prior to the pretrial conference and e-mailed to the courtroom deputy clerk in Microsoft Word format. Where a proposed instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal bases both for the instruction and for the other party's opposition to the instruction. Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable.

The parties should be prepared to provide the courtroom deputy clerk with three copies of their respective exhibit and witness lists at the start of trial for use by the Judge, court reporter and courtroom deputy clerk. Each party should also provide a courtesy copy of all exhibits in an appropriately labeled notebook on the first day of trial for the Judge. The parties are referred to Local Rule

16.4(B)(19)(b), NDGa, concerning exhibit labeling.  The parties must provide a courtesy copy of any documents e-filed just prior to trial or on any day during the trial.

Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the courtroom deputy clerk.  The Court will not allow time for training or trial runs at the beginning of the trial.  Any motions requesting leave to bring technology into the courtroom must be filed no later than three days in advance of trial, to allow time for proper notification to the U.S. Marshals Service.

**SO ORDERED** this 9th day of February, 2022.

J. P. BOULEE
United States District Judge