IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

RYAN FELTON

Criminal Action No.

1:20-cr-00347-JPB

**Combined Proposed Jury Instructions**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Sekret T. Sneed and Nathan P. Kitchens, Assistant United States Attorneys, for the Northern District of Georgia, files this Combined Proposed Jury Instructions on behalf of the Government and the defendant, Ryan Felton. Where the proposed instruction is not agreed upon, the parties have indicated who is proposing the instruction and any opposition thereto.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/SEKRET T. SNEED
*Assistant United States Attorney*
Georgia Bar No. 252939
sekret.sneed@usdoj.gov

/s/NATHAN P. KITCHENS
*Assistant United States Attorney*
Georgia Bar No. 263930
nathan.kitchens@usdoj.gov

1

**PROPOSED JURY INSTRUCTION NO. 1 (P1)**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the Defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect.

You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the Defendant is presumed innocent until proven guilty. The indictment against the Defendant brought by the Government is only an accusation, nothing more. It is not proof of guilt or anything else. The Defendant therefore starts out with a clean slate.

Second, the burden of proof is on the Government until the very end of the case. The Defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the Defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a Defendant's choice not to testify. It is not evidence.

Third, the Government must prove the Defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with

whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3.You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the Defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light

of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses.

8

When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Course of the trial:

The trial will now begin. First, the Government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, one of the Defendant's attorneys may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The Government will then present its witnesses, and counsel for the Defendant may cross-examine them. Following the Government's case, the Defendant may, if he wishes, present witnesses whom the Government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**PROPOSED JURY INSTRUCTION NO. 2 (B1)**
**Face Page - Introduction**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

No. 1:20-cr-00347-JPB

-vs-

RYAN FELTON

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**PROPOSED JURY INSTRUCTION NO. 3 (B2.1)**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**PROPOSED JURY INSTRUCTION NO. 4 (B2.2)**
**The Duty to Follow Instructions and the Presumption Of**
**Innocence When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against the Defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all.  The Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## PROPOSED JURY INSTRUCTION NO. 5 (B3)
### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**PROPOSED JURY INSTRUCTION NO. 6 (B4)**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

14

**PROPOSED JURY INSTRUCTION NO. 7 (B5)**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**PROPOSED JURY INSTRUCTION NO. 8 (B6.1)**
**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**PROPOSED JURY INSTRUCTION NO. 9 (B6.3)**
**Impeachment of Witnesses Because of Inconsistent Statements**
**(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**PROPOSED JURY INSTRUCTION NO. 10 (B7)**
**Expert Witnesses**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## PROPOSED JURY INSTRUCTION NO. 11 (B8)[1]
### Introduction to Offense Instructions

The indictment charges 28 separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Counts 1 through 12 charge that the Defendant committed wire fraud as it relates to FLiK.

Counts 13 through 20 charge that the Defendant committed money laundering as it relates to FLiK.

Count 21 charges that the Defendant committed securities fraud as it relates to FLiK.

Counts 22 through 25 charge that the Defendant committed wire fraud as it relates to CoinSpark.

Counts 26 through 27 charge that the Defendant committed money laundering as it relates to CoinSpark.

Count 28 charges that the Defendant committed securities fraud as it relates to CoinSpark.

---

[1] This instruction was modified to reflect the criminal indictment in this case.

**PROPOSED JURY INSTRUCTION NO. 12 (B8.1)**

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**PROPOSED JURY INSTRUCTION NO. 13 (B9.1A)**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**PROPOSED JURY INSTRUCTION NO. 14 (B10.2)**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**PROPOSED JURY INSTRUCTION NO. 15 (O51)[2]**
**Wire Fraud**
**18 U.S.C. § 1343**

Counts 1 through 12 charge the Defendant with committing wire fraud as related to FLiK, and Counts 22 through 25 charge the Defendant with committing wire fraud as related to CoinSpark.  It's a Federal crime to use wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate or foreign commerce to help carry out the scheme to defraud.

---

[2] This instruction was modified to reflect the criminal indictment in this case.

23

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate or foreign wire was

itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate or foreign wire communications is to act so that something would normally be sent through wire communications in the normal course of business.

Each separate use of the interstate or foreign wire communications as part of the scheme to defraud is a separate crime.

**PROPOSED JURY INSTRUCTION NO. 16 (O74.6)**
**Money Laundering**
**18 U.S.C. § 1957**

Counts 13 through 20 charge the Defendant with the crime of money laundering related to FLiK and Counts 26 through 27 charge the Defendant with the crime of money laundering related to CoinSpark.  It's a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt;

(1) the Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3) the property had a value of more than $10,000;

(4) the property was in fact proceeds of wire fraud as alleged in the indictment; and

(5) the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, and exchange of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means a commercial bank or trust company.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing wire fraud. But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

### GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17[3]
### Securities Fraud
### (15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b-5)

Count 21 charges the Defendant with committing securities fraud related to FLiK, and Count 28 charges the Defendant with committing securities fraud related to CoinSpark.

The Securities Exchange Act is a federal statute that allows the Government to enact rules and regulations prohibiting certain conduct in the purchase or sale of securities. Rule 10b-5 makes it unlawful for a person to commit a fraud in connection with the purchase or sale of any security.

A "security" is an investment in a commercial, financial, or other business enterprise with the expectation that profits or other gain will be produced by others. Some common types of securities are stocks, bonds, and investment contracts. An "investment contract" is an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others.[4]

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt:

---

[3] Modified from Eleventh Circuit Civil Pattern Instructions 6.1 & 6.2, Securities Act Instruction, 15 U.S.C. § 78j(b); Jury Charge, *United States v. Bercoon, et al.*, 1:15-CR-00022-LMM-JFK, at 1880–84 (Doc. 485) (N.D. Ga).
[4] *SEC v. Unique Financial Concepts, Inc.*, 196 F.3d 1195, 1199 (11th Cir. 1999) (quoting *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837 (1975)).

(1) In connection with the purchase and sale of a security, the Defendant did at least one of the following:

    (a) employed a device, scheme, or artifice to defraud; or

    (b) made an untrue statement of a material fact or omitted to state a material fact necessary to make statements made not misleading; or

    (c) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

(2) The Defendant acted willfully, knowingly and with intent to defraud; and,

(3) The Defendant knowingly used or caused to be used any means or instrumentality of interstate commerce in furtherance of the fraudulent conduct.

As to the first element, there are three independent ways to proving the first element. It is not necessary for the Government to establish all three types of unlawful conduct in connection with the purchase or sale of the security. Any one will be sufficient for a conviction, if you so find, but you must be unanimous as to the type of unlawful conduct.

To establish a material misrepresentation or omission, the government must prove that the defendant either made an untrue statement of material fact or omitted a material fact, either of which would tend to mislead the prospective buyer or seller of a security.

A "misrepresentation" is a statement that is not true. An "omission" is the failure to state facts that would be necessary to make the statements made by the defendant not misleading to the public.

A misrepresentation or omission of fact is "material" if there is a substantial likelihood that a reasonable investor would attach importance to the misrepresented or omitted fact in determining his course of action. Put another way, there must be a substantial likelihood that a reasonable investor would view the misstated or omitted fact's disclosure as significantly altering the total mix of available information. A minor or trivial detail is not a "material fact."

While the making of a false statement or material omission is a route to proving the first element, the Government may establish the first element without proving that the defendant made any false statements if he engaged in a fraud upon a potential investor.[5] The Government instead may establish the first element by proving that the defendant used a device, scheme, or artifice to defraud in connection with the purchase or sale of a security. A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises. [6] Any conduct that is designed to

---

[5] *United States v. Royer*, 549 F.3d 886, 900 (2d Cir. 2008).
[6] Eleventh Circuit Criminal Pattern Offense Instruction 51, Wire Fraud, 18 U.S.C. § 1343.

deceive or defraud investors by controlling or artificially affecting the price of securities is prohibited.[7]

The term "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury.[8]

"Instrumentality of interstate commerce" means the use of the mails, telephone, Internet,[9] or some other form of electronic communication, or an interstate delivery system such as Federal Express or UPS.

---

[7] *Ernst & Ernst*, 425 U.S. 185, 199 (1976).
[8] Eleventh Circuit Criminal Pattern Offense Instruction 51, Wire Fraud, 18 U.S.C. § 1343.
[9] *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004) ("The internet is an instrumentality of interstate commerce. Congress has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact") (citations omitted).

## PROPOSED JURY INSTRUCTION NO. 18 (B11)
### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## PROPOSED JURY INSTRUCTION NO. 19 (S5)
## Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## PROPOSED JURY INSTRUCTION NO. 20 (B12)
### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.