THE FOLLOWING IS THE PDF OF AN OFFICIAL TRANSCRIPT.

OFFICIAL TRANSCRIPTS MAY ONLY BE FILED IN CM/ECF BY THE OFFICIAL

COURT REPORTER AND WILL BE RESTRICTED IN CM/ECF FOR A PERIOD OF 90

DAYS.  YOU MAY CITE TO A PORTION OF THE ATTACHED TRANSCRIPT BY THE

DOCKET ENTRY NUMBER, REFERENCING PAGE AND LINE NUMBER, ONLY AFTER

THE COURT REPORTER HAS FILED THE OFFICIAL TRANSCRIPT; HOWEVER, YOU

ARE PROHIBITED FROM ATTACHING A FULL OR PARTIAL TRANSCRIPT TO ANY

DOCUMENT FILED WITH THE COURT.

```
1                    UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF GEORGIA
2                         ATLANTA DIVISION

3


4  UNITED STATES OF AMERICA, )
                             )
5                            )
    -VS-                     ) DOCKET NO. 1:20-CR-00347-JPB
6                            )
   RYAN FELTON,              )
7                            )
         DEFENDANT.          )
8

9           TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS
              BEFORE THE HONORABLE J.P. BOULEE
10              UNITED STATES DISTRICT JUDGE
                       JULY 14, 2022
11

12

13

14  APPEARANCES:

15  ON BEHALF OF THE GOVERNMENT:

16       NATHAN PARKER KITCHENS, ESQ.
         SEKRET T. SNEED, ESQ.
17       ASSISTANT UNITED STATES ATTORNEYS

18
   ON BEHALF OF THE DEFENDANT:
19
         JOSHUA S. LOWTHER, ESQ.
20       KATRYNA LYN SPEARMAN, ESQ.

21

22  STENOGRAPHICALLY RECORDED BY:

23                 PENNY PRITTY COUDRIET, RMR, CRR
                      OFFICIAL COURT REPORTER
24                UNITED STATES DISTRICT COURT
                       ATLANTA, GEORGIA
25
```

1      **(PROCEEDINGS HELD IN OPEN COURT AT 8:59 A.M.  ATLANTA)**

2           **THE COURT:**  Mr. Lowther, do I understand correctly that

3   Mr. Felton has decided to enter a plea in this case?

4           **MR. LOWTHER:  That's correct, your Honor.**

5           **THE COURT:**  Thank you.

6           Is there a plea agreement?

7           **MR. LOWTHER:  No, your Honor.**

8           **THE COURT:**  All right.  Thank you.

9           Officer, will you let the jurors know that I need to

10  discuss something with the parties and that it may be 30 minutes

11  or so before I'm in a position to bring them out.

12          **COURTROOM SECURITY OFFICER:**  Yes, sir.

13          **THE COURT:**  And they have the Court's apologies.

14          **COURTROOM SECURITY OFFICER:**  Yes, sir.

15          **THE COURT:**  All right.

16          Ms. Oduka, if we can please swear the defendant.

17          **COURTROOM DEPUTY CLERK:**  Mr. Felton, can you stand and

18  raise your right hand.

19                    **(The defendant was duly sworn)**

20          **THE COURT:**  Is there a plea with counsel form?

21          **MS. SNEED:**  Yes, your Honor.

22          **THE COURT:**  If you could verify those signatures for us,

23  Ms. Sneed.

24          **MS. SNEED:**  Yes, your Honor.

25          Mr. Felton, I'm holding before you a document entitled

1    plea with counsel and this reflects your intention to plead guilty

2    to Counts 1 through 3, 6 through 11, 13 through 22, and 24 through

3    28 of the superseding indictment.

4              Is that your signature above the line that says

5    "Signature, Defendant"?

6              THE DEFENDANT:  It is.

7              **MS. SNEED:**  And, Counsel, is that your signature above

8    the line that says, "Signature, Defense Attorney"?

9              **MR. LOWTHER:  Yes, it is.**

10             **MS. SNEED:**  Your Honor, I tender this to the Court.

11             **THE COURT:**  Thank you.

12             Mr. Felton, before I can accept your plea of guilty, I

13   need to go over several matters with you.  As we go through this

14   process, if anything I state is unclear, let me know and I will

15   repeat and rephrase it for you.

16             It's important that you understand not only my

17   statements to you but also my questions.  You need to understand

18   my questions so that you can answer them truthfully.  A failure to

19   truthfully answer any question could result in additional charges

20   being brought against you.

21             Also, as I ask questions, please answer them out loud.

22   This will allow the court reporter to take down your responses so

23   that we can have an accurate record of these proceedings.

24             Do you understand, sir?

25             **THE DEFENDANT:**  Yes.

1          **THE COURT:**  How old are you, sir?

2          **THE DEFENDANT:**  Forty-eight.

3          **THE COURT:**  How far did you go in school?

4          **THE DEFENDANT:**  High school and then a four-year degree.

5          **THE COURT:**  All right.  In the last 24 hours have you

6    taken any drugs, medicine, pills or had any alcoholic beverages to

7    drink?

8          **THE DEFENDANT:**  I had a glass of whiskey last night.

9          **THE COURT:**  And at this point I assume that that doesn't

10   have any effect on your judgment or actions in any manner or your

11   ability to understand these proceedings and enter a knowing plea?

12         **THE DEFENDANT:**  None whatsoever.

13         **THE COURT:**  Have you been treated recently for any

14   mental illness or addiction to alcohol or drugs?

15         **THE DEFENDANT:**  No.

16         **THE COURT:**  And, Mr. Lowther, are you aware of any

17   issues regarding your client's competence to enter a plea?

18         **MR. LOWTHER:**  No, your Honor.

19         **THE COURT:**  Mr. Felton, I'm now going to review with

20   you the rights you're guaranteed under the Constitution and laws

21   of the United States.  I want to be sure that you understand your

22   rights and that by entering this plea of guilty you're giving up

23   many of these rights.

24         First, do you understand that you have a right to plead

25   not guilty and have a trial by jury?

1            **THE DEFENDANT:**  Yes.

2            **THE COURT:**  Do you understand that you're entitled to a

3  speedy and public trial on the charges against you?

4            **THE DEFENDANT:**  I do.

5            **THE COURT:**  Do you understand that you have the right to

6  be represented by an attorney throughout all proceedings, and if

7  you cannot afford an attorney, one will be appointed to represent

8  you at no cost to you?

9            **THE DEFENDANT:**  I do.

10           **THE COURT:**  Do you understand if you pled not guilty and

11 went to trial, at the trial you would be presumed to be innocent

12 and the government would have to overcome that presumption and

13 prove you guilty beyond a reasonable doubt?

14           **THE DEFENDANT:**  I do.

15           **THE COURT:**  Do you understand that at a trial you would

16 not have to prove you're innocent because the burden would be on

17 the government to prove you're guilty beyond a reasonable doubt?

18           **THE DEFENDANT:**  I do.

19           **THE COURT:**  Do you understand that at a trial you would

20 have the right to subpoena witnesses, which would be an order from

21 the Court compelling their appearance at trial to testify on your

22 behalf?

23           **THE DEFENDANT:**  I do.

24           **THE COURT:**  Do you understand that during a trial

25 witnesses for the government must come to court and testify in

```
 1   your presence?

 2             THE DEFENDANT:  I do.

 3             THE COURT:  Do you understand that your attorney would

 4   have the opportunity to cross-examine the witnesses for the

 5   government, object to evidence offered by the government and offer

 6   evidence on your behalf?

 7             THE DEFENDANT:  I do.

 8             THE COURT:  Do you understand that at a trial, while you

 9   would have the right to testify if you chose to do so, you also

10   would have the right not to testify?

11             THE DEFENDANT:  Yes.

12             THE COURT:  And you understand if you chose not to

13   testify or put on any evidence, those facts could not be used

14   against you?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you understand that in order to convict

17   you at a trial, the jury would have to reach a unanimous verdict

18   that you were guilty on the crimes with which you're charged?

19             THE DEFENDANT:  I do.

20             THE COURT:  I think I messed that up a bit.

21             Just so the record is clear my question was:  Do you

22   understand that in order to convict you at a trial, the jury would

23   have to reach a unanimous verdict that you were guilty of the

24   crimes with which you are charged?

25             THE DEFENDANT:  I understand that one, too.
```

UNITED STATES DISTRICT COURT - OFFICIAL CERTIFIED TRANSCRIPT

1      **THE COURT:**  If I accept your plea of guilty, you will

2  not have a trial and a jury will not decide your guilt, but I will

3  find you're guilty of the charges based on your admission that

4  you're guilty, do you understand?

5      **THE DEFENDANT:**  I do.

6      **THE COURT:**  Are you willing to give up your right to a

7  trial and proceed with the plea of guilty at this time?

8      **THE DEFENDANT:**  I am.

9      **THE COURT:**  Has any promise of any kind been made to you

10  to cause you to plead guilty?

11      **THE DEFENDANT:**  No.

12      **THE COURT:**  Has anyone threatened or forced you to plead

13  guilty or told you that if you do not plead guilty, further

14  charges will be brought against you or other adverse action taken

15  against you?

16      **THE DEFENDANT:**  No.

17      **THE COURT:**  Mr. Lowther, are you aware of any plea

18  agreement or promise being made to your client?

19      **MR. LOWTHER:**  None, your Honor.

20      **THE COURT:**  In a moment I'm going to ask the Assistant

21  US Attorney to state the elements of the offenses to which you're

22  pleading guilty.  The elements of the offenses are those matters

23  that the government must prove beyond a reasonable doubt in order

24  to convict you of the charges.

25      Ms. Sneed or Mr. Kitchens, if you could please state the

 1   elements of the offenses.

 2          **MS. SNEED:**  Yes, your Honor.

 3          The defendant is pleading guilty to wire fraud, money

 4   laundering and securities fraud.

 5          The elements for wire fraud are:

 6          One, the defendant knowingly --

 7          **THE COURT:**  And give me one minute.  Sorry.

 8          Off the record for a minute.

 9          (Off-the-record discussion)

10          **MS. SNEED:**  As to the elements for wire fraud, the

11   elements are:

12          One, the defendant knowingly devised or participated in

13   a scheme to defraud someone by using false or fraudulent

14   pretenses, representations or promises;

15          Two, the false pretenses, representations or promises

16   were about a material fact;

17          Three, the defendant acted with the intent to defraud;

18          And, four, the defendant transmitted or caused to be

19   transmitted by wire some communication in interstate or foreign

20   commerce to help carry out the scheme to defraud.

21          As to the counts for money laundering, the elements are:

22          One, the defendant knowingly engaged or attempted to

23   engage in a monetary transaction;

24          Two, the defendant knew the transaction involved

25   property or funds that were the proceeds of some criminal

1  activity;

2          Three, the property had a value of more than $10,000.

3          Four, the property was, in fact, proceeds of some type

4  of specified unlawful activity, which in this case the government

5  alleges is wire fraud;

6          And, five, the transaction took place in the United

7  States.

8          And that's money laundering under Title 18, United

9  States Code, Section 1957.

10          And as for the securities fraud counts, the elements

11  are:

12          One, the defendant -- in connection with the purchase

13  and sale of a security, the defendant knowingly did at least one

14  of the following:

15          A, employed a device, scheme or artifice to defraud;

16          Or, B, made an untrue statement of a material fact or

17  omitted to state a material fact necessary to make statements made

18  not misleading;

19          Or, C, engaged in an act, practice or course of business

20  that operated or would operate as a fraud or deceit upon a

21  purchaser or seller.

22          Two, the defendant acted willfully, knowingly and with

23  intent to defraud;

24          And, three, the defendant knowingly used or caused to be

25  used any means or instrumentality of interstate commerce in

1   furtherance of the fraudulent conduct.

2          **THE COURT:**  Thank you.

3          Mr. Felton, do you understand that those are the

4   elements that the government would have to prove beyond a

5   reasonable doubt in order to convict you of the charges?

6          **THE DEFENDANT:**  I do.

7          **THE COURT:**  In a moment I'm going to ask the Assistant

8   US Attorney to summarize the evidence that the government would

9   expect to present at trial to prove each of these elements.  In

10  other words, these are what the government contends are the facts

11  of the case.  It's necessary for the government to state these

12  facts because I must determine whether there's a factual basis for

13  you to enter this plea of guilty.

14         After this statement I will ask you whether you

15  disagree with any of the facts as stated by the prosecutor.  If

16  you do, tell me and we will discuss those facts at that time.

17         Ms. Sneed.

18         **MS. SNEED:**  Thank you, your Honor.

19         Based on the evidence already presented at trial the

20  United States has shown the following beyond a reasonable doubt:

21         From at least in or around August 2017 through at least

22  in or around August 2018, the defendant knowingly devised and

23  intended to devise a scheme to defraud investors involving two

24  different projects, FLiK and CoinSpark.

25         First, as to FLiK, the United States proved through the

1  admission of the FLiK website, the FLiK whitepaper, the FLiK

2  official Telegram channel and certain social media posts that the

3  defendant made material misrepresentations to induce members of

4  the public to purchase FLiK tokens.

5          The misrepresentations included, among others, that all

6  proceeds from the initial coin offering would be used to develop

7  and support the development of FLiK; that TI was a co-owner of

8  FLiK; that Tony Gallippi was working to get FLiK listed on

9  exchanges; that all unsold tokens would be burned after the ICO

10  ended; that a private equity investor had invested $500,000 into

11  the FLiK ICO; that the United States Military had agreed to carry

12  FLiK as a streaming platform available to nearly 2 Million service

13  members; and that the defendant was in serious discussions with

14  major film studios and distributors to obtain content for FLiK.

15          Testimony from Tim Anderson and William Sparks

16  stipulated facts that the defendant did not have communications

17  with certain film studios and distributors.

18          And the defendant's own admissions in an FBI interview

19  and sworn testimony prove that each of these representations was

20  false.

21          In addition, an expert witness, Elizabeth Bisbee,

22  testified that the vast majority of cryptocurrency raised from the

23  sale of FLiK tokens was transferred to the defendant's account at

24  Gemini Trust Company, and that on October 20th, 2017, the

25  defendant wired $2.2 Million from his Gemini account to his

1  Wells Fargo account ending 3037.

2              And on December 4th, 2017, the defendant wired an

3  additional $199,766.72 from his Gemini account to his Wells Fargo

4  account.

5              Ms. Bisbee further testified that transactions on the

6  blockchain, as each purchase of FLiK tokens was, involved the use

7  of interstate and foreign transmissions of wires.

8              Investors Kenneth Fedance, Carlos Martinez and Niek

9  Hortsman, whose purchase of FLiK tokens are the basis of Counts 1

10 through 3 and 6 through 11, all testified that they viewed some or

11 all of the misrepresentations by the defendant before they

12 purchased FLiK tokens, and that such misrepresentations were

13 important to their decisions to buy FLiK tokens.

14             They also each testified that they intended to hold the

15 FLiK tokens as an investment, at least in part.

16             Ms. Bisbee further confirmed each of these transactions

17 in her blockchain analysis.

18             Multiple witnesses further testified that the FLiK

19 platform was never developed and that any FLiK tokens were now

20 practically worthless.

21             The United States also proved through the admission of

22 Wells Fargo bank accounts, business records and the testimony of

23 the business representatives Joseph Witten -- I'm sorry, Jonathan

24 Witten, Dan Burris, Todd Neuhaus and testimony from Ms. Bisbee and

25 FBI Special Agent Ryskoski that the funds raised from the sale of

1  FLiK tokens that had been transferred to the defendant's Wells

2  Fargo account went towards the purchase of residential property, a

3  Chevy Tahoe, a Ferrari and jewelry on the dates and in the amounts

4  listed in Counts 14 through 20.

5          The parties agree that Wells Fargo is an FDIC insured

6  financial institution, and that Gemini Trust Company is a New York

7  based cryptocurrency exchange that is a licensed sender of money.

8          As to CoinSpark, the United States proved through the

9  admission of the CoinSpark website, the CoinSpark whitepaper, the

10 CoinSpark official Telegram channel and certain media posts that

11 the defendant made the following material misrepresentations and

12 omissions to induce members of the public to purchase Spark coins.

13         One, stating that investors who bought the Spark coins

14 would be entitled to a quarterly dividend of 25 percent of the net

15 profits of the exchange;

16         Two, stating that EY would be auditing the financial

17 statements;

18         Three, actively hiding his involvement in the project

19 from the public;

20         Four, writing and publishing an article under a false

21 name, repeating false rumors about the experience of the FLiK

22 team;

23         And, five, stating that any Spark coins not sold during

24 the ICO would be burned.

25         Testimony from Chance White and Owen Smith and the

1 defendant's own admissions proves that each of these

2 representations was false.

3        Ms. Bisbee testified that the majority of cryptocurrency

4 raised from the sale of Spark coins was ultimately deposited into

5 the defendant's Gemini account and either transferred to the

6 defendant's Bitrix account as identified in Count 26 of the

7 indictment or wired to his Wells Fargo account in the amount and

8 on the date identified in Count 27.

9        Investor Maxim Zarnovski, whose transaction is the basis

10 for Count 22, testified that he viewed some or all of the

11 misrepresentations by the defendant before he purchased Spark

12 coins, and that such misrepresentations were important to his

13 decisions to buy and that he intended to hold the FLiK tokens as

14 an investment.

15        The United States further would have proved with

16 admissible evidence beyond a reasonable doubt that Daniil

17 Derebenskiy, whose transactions are the basis for Counts 24 and

18 25, also viewed some or all of the misrepresentations by the

19 defendant before he purchased Spark coins, and that he also

20 purchased Spark coins based on the defendant's misrepresentations

21 about dividend payments.

22        Ms. Bisbee further confirmed Mr. Derebenskiy's

23 transaction in her blockchain analysis.

24        Multiple witnesses further testified that the CoinSpark

25 exchange was never fully operational and that any Spark coins are

1  now practically worthless.

2          **THE COURT:**  Thank you.  And I know we had geared

3  ourselves towards the jury instructions and renumbered the counts,

4  but I just want to make clear it's on the record which counts he's

5  now pleading guilty to.  So could you give me those, please.

6          **MS. SNEED:**  Yes, your Honor.

7          **THE COURT:**  Will this, I guess, be referring back to the

8  original indictment, the numbers in that indictment?

9          **MS. SNEED:**  Yes, your Honor.

10          **THE COURT:**  Let's be clear on that.  So why don't you

11  read what you think the counts are he's pleading guilty to and

12  then I'll let Mr. Lowther confirm that.

13          **MS. SNEED:**  Yes, your Honor.

14          The defendant is pleading guilty to Counts 1 through 3,

15  6 through 11, 22 and 24 through 25, which all allege wire fraud in

16  violation of Title 18, United States Code, Section 1343.

17          The defendant is also pleading guilty to Counts 13

18  through 20 and 26 through 27, which allege money laundering in

19  violation of Title 18, United States Code, Section 1957.

20          And the defendant is pleading guilty to Counts 21 and

21  28, which allege securities fraud in violation of Title 15, United

22  States Code, Section 78j.

23          **THE COURT:**  Agreed, Mr. Lowther?

24          **MR. LOWTHER:**  Agreed.

25          **THE COURT:**  And agreed, Mr. Felton?

1              **THE DEFENDANT:**  Yes.

2              **THE COURT:**  And as to the facts stated by Ms. Sneed, do

3  you disagree with any of the facts?

4              **THE DEFENDANT:**  No.

5              **THE COURT:**  All right.  I'm going to go back over those

6  elements with you and ask you whether or not you admit them or

7  not.

8              As to wire fraud, do you admit that you knowingly

9  devised or participated in a scheme to defraud someone by using

10 false or fraudulent pretenses, representations or promises?

11             **THE DEFENDANT:**  Yes.

12             **THE COURT:**  Do you admit that the false pretenses,

13 representations or promises were about a material fact?

14             **THE DEFENDANT:**  Yes.

15             **THE COURT:**  Do you admit that you acted with the intent

16 to defraud?

17             **THE DEFENDANT:**  Yes.

18             **THE COURT:**  Do you admit that you transmitted or caused

19 to be transmitted by wire some communication in interstate or

20 foreign commerce to help carry out the scheme to defraud?

21             **THE DEFENDANT:**  Yes.

22             **THE COURT:**  And as to those four elements you admit

23 those as to each of the counts of wire fraud, 1 through 3, 6

24 through 11, 22 and 24 through 25, correct?

25             **THE DEFENDANT:**  Correct.

1          **THE COURT:**  All right.  As to money laundering and the

2    Counts 13 through 20 and 26 and 27, do you admit that you

3    knowingly engaged or attempted to engage in a monetary

4    transaction?

5          **THE DEFENDANT:**  Yes.

6          **THE COURT:**  And do you admit that you knew the

7    transaction involved property or funds that were proceeds of some

8    criminal activity?

9          **THE DEFENDANT:**  Yes.

10         **THE COURT:**  Do you admit that the property had a value

11   of more than $10,000?

12         **THE DEFENDANT:**  Yes.

13         **THE COURT:**  And for clarification, do you admit that the

14   property had a value of more than $10,000 as to each of those

15   counts?

16         **THE DEFENDANT:**  Yes.

17         **THE COURT:**  Do you admit that the property was, in fact,

18   proceeds of wire fraud as alleged in the indictment?

19         **THE DEFENDANT:**  Yes.

20         **THE COURT:**  And do you admit that the transactions took

21   place in the United States?

22         **THE DEFENDANT:**  Yes.

23         **THE COURT:**  Finally, as to each of the counts of

24   securities fraud, 21 and 28, do you admit that in connection with

25   the purchase and sale of a security you at least did one of the

1  following:

2         Employed a device, scheme or artifice to defraud or

3  made an untrue statement of a material fact or omitted to state a

4  material fact necessary to make statements made not misleading or

5  engaged in an act, practice or course of business that operated or

6  would operate as a fraud or a deceit upon a purchaser or seller?

7         **THE DEFENDANT:**  Yes.

8         **THE COURT:**  Do you admit that you acted willfully,

9  knowingly and with intent to defraud?

10        **THE DEFENDANT:**  Yes.

11        **THE COURT:**  Finally, do you admit that you knowingly

12  used or caused to be used any means or instrumentality of

13  interstate commerce in furtherance of the fraudulent conduct?

14        **THE DEFENDANT:**  Yes.

15        **THE COURT:**  Ms. Sneed, if you could please state the

16  potential penalties that the defendant faces for the charges,

17  including the maximum penalties and any mandatory minimums.

18        **MS. SNEED:**  Yes, your Honor.

19        As to the counts for wire fraud, the maximum term of

20  imprisonment is 20 years.  There is no mandatory minimum.

21        The supervised release term is one to three years.

22        The maximum fine is $250,000, or twice the gain or twice

23  the loss, whichever is greatest.

24        There is a mandatory special assessment of $100.

25        There is restitution.

1          And there is forfeiture of any property constituting or
2     derived from proceeds obtained directly or indirectly as a result
3     of such violations.

4          As to the money laundering counts, the maximum term of
5     imprisonment is ten years.

6          There is no mandatory minimum.

7          The term of supervised release is one to three years.

8          The maximum fine is $250,000, or twice the gain or twice
9     the loss, whichever is greatest.

10          There is a mandatory special assessment of $100.

11          There is restitution.

12          And there is forfeiture for any property, real or
13     personal, involved in the offense or any property traceable to
14     such property.

15          As to the securities frauds counts, the maximum term of
16     imprisonment is 20 years.

17          There is no mandatory minimum.

18          The supervised release term is one to three years.

19          The maximum fine is $5 Million.

20          There is a mandatory special assessment of $100.

21          There is restitution.

22          And there is forfeiture of any property constituting or
23     derived from proceeds obtained directly or indirectly as a result
24     of such violations.

25          **THE COURT:**  Thank you.

1          Mr. Felton, do you understand that those are the

2    possible penalties that you could receive in this case?

3          **THE DEFENDANT:**  I do.

4          **THE COURT:**  Do you understand it's not possible for me

5    to state to you today what your sentence will be?

6          **THE DEFENDANT:**  I do.

7          **THE COURT:**  Do you understand in deciding your sentence

8    I will consider sentencing guidelines and that the guidelines are

9    advisory, which means I have the discretion to impose a sentence

10   that is either within the guidelines, greater than the guidelines,

11   or less than the guidelines?

12         **THE DEFENDANT:**  I do.

13         **THE COURT:**  Ms. Sneed, there was no mandatory minimum

14   for anything, was there?

15         **MS. SNEED:**  That's correct, your Honor.

16         **THE COURT:**  Sir, do you understand that parole has been

17   abolished in the federal system, and that if you're sentenced to

18   prison, you will not be released early on parole?

19         **THE DEFENDANT:**  I do.

20         **THE COURT:**  Do you understand that you may be sentenced

21   to a term of supervised release that will follow any term of

22   imprisonment and will include rules governing your conduct that if

23   you violate could result in more time in prison?

24         **THE DEFENDANT:**  I do.

25         **THE COURT:**  I assume both restitution and forfeiture are

1    in play here, is that correct, Ms. Sneed?

2         **MS. SNEED:**  Yes, your Honor.

3         **THE COURT:**  Sir, do you understand you may be ordered to

4    pay restitution to any victim of the offense?

5         **THE DEFENDANT:**  Yes.

6         **THE COURT:**  Offenses.

7         And do you understand that as part of your sentence

8    certain property that's been identified by the government may be

9    forfeited by you to the government?

10        **THE DEFENDANT:**  Yes.

11        **THE COURT:**  Is there anything that we've talked about

12   today that you do not feel that you fully understand?

13        **THE DEFENDANT:**  No.

14        **THE COURT:**  Have you had sufficient opportunity to talk

15   about your case with your attorney and have your attorney answer

16   any questions that you have before entering your plea?

17        **THE DEFENDANT:**  Yes.

18        **THE COURT:**  Are you satisfied with the representation

19   that your attorney has provided to you?

20        **THE DEFENDANT:**  Yes.

21        **THE COURT:**  How do you plea to Counts 1 through 3, 6

22   through 11, 22, 24, 25, 13 through 20, 26 through 27, 21 and 28?

23        **THE DEFENDANT:**  Guilty.

24        **THE COURT:**  Mr. Lowther, do you feel that you've had a

25   sufficient opportunity to investigate your client's case and

1  advise him concerning entry of this plea?

2           **MR. LOWTHER:**  Yes, your Honor.

3           **THE COURT:**  Are you aware of any reason I should not

4  accept the plea?

5           **MR. LOWTHER:**  No, your Honor.

6           **THE COURT:**  Is there anything else that you would like

7  me to address with your client on the record at this time?

8           **MR. LOWTHER:**  No, your Honor.

9           **THE COURT:**  And, Ms. Sneed, is there anything further

10  that the government wishes the Court to address at this time?

11           **MS. SNEED:**  No, your Honor.

12           **THE COURT:**  Does the government object to the defendant

13  remaining on bond subject to the previous conditions?

14           **MS. SNEED:**  No, your Honor.

15           **THE COURT:**  Then that's what we will do.

16           I find that the defendant understands the charges and

17  the consequences of the plea.  I've observed the defendant during

18  this proceeding and he does not appear to be under the influence

19  of any substance that might affect his judgment or actions in any

20  manner.

21           The Court finds that the plea has a factual basis and is

22  free of any coercive influence of any kind.

23           I find that there have been no promises made to the

24  defendant except those set out in the plea agreement.  Or, excuse

25  me, strike that.  Again, I have a script and we put this one

1  together more quickly than usual given the last-minute change.  So

2  let me re-read that sentence.

3        I find that there have been no promises made to the

4  defendant.

5        I find the defendant is competent to understand these

6  proceedings and enter a knowing plea of guilty.

7        I find that the plea is freely and voluntarily entered.

8        It's therefore ordered that the plea of guilty of the

9  defendant to Counts 1 through 3, 6 through 11, 22, 24, 25, 13

10 through 20, 26, 27, 21 and 28 of the indictment is accepted and

11 entered.

12        Mr. Felton, you are hereby adjudged guilty of the

13 charges I just listed.

14        I'll now be referring your case to a probation officer

15 who will prepare a presentence report.  Before I receive the

16 report, sir, you and your attorney will receive a copy of the

17 report and will have an opportunity to object to any findings in

18 the report.

19        At your sentencing hearing I will hear from the

20 government and any witnesses that it wishes to present; and from

21 you, your attorney and any witnesses that you wish to present.  At

22 that time I will decide the proper sentence in your case.  Do you

23 understand?

24        **THE DEFENDANT:**  I do.

25        **THE COURT:**  Counsel, anything else from either side?

1          **MS. SNEED:**  Nothing from the government, your Honor.

2          **MR. LOWTHER:**  No, your Honor.

3          **THE COURT:**  All right.  You are welcome to stay around

4    while I bring out the jury and explain to them what has happened,

5    or if you would like to leave, you're welcome to do so.  And I'll

6    give you a few minutes to gather your things, and I can just talk

7    to the jury after you've departed, your choice.

8          **MS. SNEED:**  I think we're going to leave, your Honor.

9          **THE COURT:**  All right.  Very well.  Everyone, take care.

10          **MS. SNEED:**  Thank you, your Honor.

11          (PROCEEDINGS REPORTED WERE CONCLUDED AT 9:27 A.M.)

12                    _____

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                    C E R T I F I C A T E

2

3   UNITED STATES DISTRICT COURT

4   NORTHERN DISTRICT OF GEORGIA

5

6       I do hereby certify that the foregoing pages are a true and

7   correct transcript of the proceedings taken down by me in the case

8   aforesaid.

9       This the 28th of July, 2022.

10

11

12

13

14       _____

15                    PENNY PRITTY COUDRIET, RMR, CRR
                       OFFICIAL COURT REPORTER
16

17

18

19

20

21

22

23

24

25
```