# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

RYAN FELTON

Criminal Action No.

1:20-cr-00347-JPB

**AGREEMENT BETWEEN THE UNITED STATES OF AMERICA AND
JENNIFER L. FELTON – ATTACHMENT A TO THE CONSENT
PRELIMINARY ORDER OF FORFEITURE**

Jennifer L. Felton, by and through Joshua S. Lowther, and the United States of
America, by and through Ryan K. Buchanan, United States Attorney, and Sekret
T. Sneed, Assistant United States Attorney, for the Northern District of Georgia
(hereinafter, "Parties"), enter into this Agreement to ensure that the terms of the
Consent Preliminary Order of Forfeiture consented to by the defendant, Ryan
Felton (hereinafter, the "Defendant"), and the United States of America, in the
above-captioned action, may be fulfilled without further action on the part of
either party or the Court and to resolve any and all claims that Jennifer L. Felton
may have pertaining to the United States' contentions that the following
property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C.
§ 2461 and 18 U.S.C. § 982(a)(1):

    i.   REAL PROPERTY

        a.  75 Abington Court, NW, Atlanta, Georgia 30327, and All Buildings,
Appurtenances, Improvements and Attachments Thereon.

    ii.  VEHICLE

        a.  One 2017 Chevrolet Tahoe, Vehicle Identification Number 1GNSCBKC3HR401432.

(collectively, "Subject Property").

In consideration of the mutual agreements contained herein, and in the Consent Preliminary Order of Forfeiture in the above-captioned matter, the parties agree as follows:

1.  Jennifer L. Felton acknowledges and agrees that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as property constituting, or derived from, proceeds obtained directly or directly as a result of violations of 18 U.S.C. § 1343 (wire fraud) and pursuant to 18 U.S.C. § 982(a)(1) as property involved in or traceable to violations of 18 U.S.C. § 1957 (money laundering) because the Defendant has pleaded guilty in the above-captioned matter.

2.  Jennifer L. Felton is aware of the terms and conditions of the Consent Preliminary Order of Forfeiture between the Defendant and the United States, including but not limited to, the Defendant's consent to the forfeiture of his interests in the Subject Property.

3.  In consideration of the Defendant's consent to the Consent Preliminary Order of Forfeiture and to release all claims to the Subject Property in any ancillary proceedings in this matter, and in the related civil forfeiture action, *United States v. Real Property Located at 75 Abington Court, et al.*, Civil Action No. 1:19-cv-01263-WMR, which is currently pending in the United States District Court

for the Northern District of Georgia, Jennifer L. Felton hereby enters into this Agreement with the United States.

4. Jennifer L. Felton waives, abandons, and disclaims any interest that she may have in the Subject Property and consents to their immediate forfeiture in any action that the United States chooses.

5. Jennifer L. Felton waives any and all notice of any such forfeiture required by 18 U.S.C. § 983, Rule 4 of the Federal Rules of Civil Procedure, Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or any other applicable law or provision.

6. Jennifer L. Felton agrees not to file any claim, answer, or petition for remission or request for restoration in any administrative or judicial proceeding pertaining to the Subject Property, and if such a document has already been filed, she hereby withdraws that filing.  Jennifer L. Felton hereby expressly withdraws the Verified Claim she filed, in the related civil forfeiture action, *United States v. Real Property Located at 75 Abington Court, et al.*, Civil Action No. 1:19-cv-01263-WMR, which is currently pending in the United States District Court for the Northern District of Georgia.  Jennifer L. Felton agrees to execute any necessary documents, including a consent dismissal, to dismiss or resolve this pending civil action.

7. Jennifer L. Felton represents that, to the best of her knowledge, and excluding the interests of the Defendant which have been forfeited in the Consent Preliminary Order of Forfeiture, no other person or entity has an interest in the Subject Property and that she has not transferred, conveyed or

3

encumbered her interest in said property.  Jennifer L. Felton agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property, including providing and endorsing title certificates and quitclaim deeds or causing others to do the same where third parties hold nominal title on her behalf to a person designated by the United States. Jennifer L. Felton agrees to take all steps necessary to ensure that the Subject Property is not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture, and that she will not take any action inconsistent with the terms of the Plea Agreement or with this Agreement.  Jennifer L. Felton acknowledges by virtue of this disclaimer that she shall not have any standing to contest any forfeiture action against the Subject Property.

8.  Jennifer L. Felton waives all constitutional, legal, and equitable defenses to the forfeiture of the Subject Property in any proceeding.  Jennifer L. Felton freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the Subject Property.

9.  Jennifer L. Felton hereby releases any and all claims, rights, and causes of action she has or may have against the United States and its employees as a result of any seizures arising from the above-captioned matter or the related civil proceeding, *United States v. Real Property Located at 75 Abington Court, et al.*, Civil Action No. 1:19-cv-01263-WMR.

10. Jennifer L. Felton acknowledges full, final, and complete settlement in satisfaction of any and all claims of whatever kind, character, and description,

4

which she may have or ever had or may hereafter have against the United States of America, its representatives, officers, agents and employees in connection with the forfeiture of the Subject Property.

11. Jennifer L. Felton further agrees to waive all rights to participate in any ancillary proceeding(s) conducted under 21 U.S.C. § 853 in connection with this criminal action and any forfeiture proceeding conducted under 18 U.S.C. §§ 981 and 983 that arises out of the facts and circumstances resulting in this case.

12. The Parties shall each be responsible for any attorneys' fees and costs incurred in connection with this matter.

13. Jennifer L. Felton hereby acknowledges and agrees that she has been afforded the opportunity to consult with competent counsel in connection with the negotiation, preparation, and execution of this Agreement, that its provisions and the legal effect of them have been explained to her, and that she has entered into this Agreement freely and voluntarily, without coercion, duress, or undue influence.

14. The Parties to this agreement acknowledge that this document and the Consent Preliminary Order of Forfeiture contain the entire agreement between the Parties, that no promise inducement has been made except as is set forth within those two documents, that this Agreement has no effect on any potential civil, criminal, administrative or tax-related action that may be brought by any State or the United States against Jennifer L. Felton, and that no representation or agreements, oral or otherwise, between the Parties to this

5

Agreement and not included within this document or the Consent Preliminary Order of Forfeiture shall be of any force and effect. Each party to this Agreement relies upon his or her or its own judgment and similarly his, her, or its own belief and knowledge of the facts underlying this agreement and the liability, if any, which might arise from such facts. In making this Agreement, no party relies on any statement or representation, oral or otherwise, made by an opposing party not found in this Agreement or in the Consent Preliminary Order of Forfeiture.

15. The terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, representatives, successors and assignees.

16. This Agreement may be executed in counterparts, each of which constitutes an original, and all of which constitute one and the same Agreement.

**[SIGNATURES ON THE NEXT PAGE]**

6

DATED: 11/17/2022

SEKRET T. SNEED
*Assistant United States Attorney*
Attorneys for
UNITED STATES OF AMERICA

DATED: 11/16/22

JENNIFER L. FELTON

DATED: November 17, 2022

s/ Joshua Sabert Lowther, Esq.

JOSHUA SABERT LOWTHER
Georgia Bar No. 460398
Lowther Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, Georgia 30303
404-496-4052
jlowther@lowtherwalker.com

Attorneys for JENNIFER L.
FELTON

7