# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### 2211 UNITED STATES COURTHOUSE
### 75 TED TURNER DRIVE, SW
### ATLANTA, GEORGIA 30303-3361

**KEVIN P. WEIMER**                                          DOCKETING SECTION
**DISTRICT COURT EXECUTIVE**                                       404-215-1655
**AND CLERK OF COURT**

December 12, 2022

Clerk's Office - USCA No. **00-00000-00**
U.S. Court of Appeals
Eleventh Circuit
56 Forsyth Street, NW
Atlanta, Georgia     30303

    **Re:**    **United States of America v. Ryan Felton**
            **USDC Criminal No. 1:20-cr-347-JPB-JSA-1**

    Enclosed are documents regarding an appeal in the action referenced above.   Please acknowledge receipt of same on the enclosed copy of this letter.

| | |
|---|---|
| **X** | **Certified copy of notice of appeal, docket, order and/or judgment, and commitment appealed from enclosed.** |
| _____ | Original non-electronic record exhibits transmitted pursuant to request.   (See attached copy of request.) |
| **X** | **Appeal fees HAVE been paid. (Receipt# AGANDC-12253693)** |
| _____ | Certified copy of order appointing Federal Defender Program enclosed. |
| _____ | Certified copy of CJA order appointing counsel enclosed. |
| _____ | Appellant has been forwarded an application to proceed IFP. |
| _____ | Appellant has been   leave to appeal IFP, copy of order enclosed. |
| _____ | An appeal bond has been denied. |
| **X** | **District Judge appealed from is Honorable J. P. Boulee.** |
| _____ | Other: . |

The enclosed certified,   record on appeal consists of:

| | | | |
|---|---|---|---|
| _____ | Volume(s) of pleadings | _____ | Envelope of Exhibits |
| _____ | Volume(s) of transcripts. | _____ | PSI enclosed. (SEALED) |

Sincerely,

Kevin P. Weimer
Clerk of Court

By:   P. McClam
Enclosures                                               Deputy Clerk

APPEAL,AVEXH,CLOSED,CertRdyTrl,MEDIUM

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CRIMINAL DOCKET FOR CASE #: <u>1:20−cr−00347−JPB−JSA</u> All Defendants

Case title: USA v. Felton

Date Filed: 09/09/2020

Date Terminated: 11/28/2022

Assigned to: Judge J. P. Boulee
Referred to: Magistrate Judge
Justin S. Anand

**<u>Defendant (1)</u>**

| | |
|---|---|
| **Ryan Felton**<br>*TERMINATED: 11/28/2022* | represented by **Joshua S. Lowther**<br>Lowther Walker LLC<br>Centennial Tower<br>Suite 3325<br>101 Marietta Street, NW<br>Atlanta, GA 30303<br>404−496−4052<br>Fax: 866−819−7859<br>Email: jlowther@lowtherwalker.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | **Katryna Lyn Spearman**<br>Lowther Walker LLC<br>Centennial Tower<br>Suite 3325<br>101 Marietta Street, NW<br>Atlanta, GA 30303<br>404−496−4052<br>Email: KSpearman@lowtherwalker.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| <u>Pending Counts</u> | <u>Disposition</u> |
|---|---|
| 18:1343 FRAUD BY WIRE, RADIO, OR TELEVISION<br>(1−12) | DISMISSED PURSUANT TO STANDING ORDER 07−04 |
| 18:1343 and Section 2 FRAUD BY WIRE, RADIO, OR TELEVISION<br>(1s−3s) | CBOP: 70 MONTHS as to Counts 1−3, 6−11, 13−22, 24−28, to be served concurrently.<br>SUPERVISED RELEASE: 3 YEARS as to Counts 1−3, 6−11, 13−22, 24−28, to be served concurrently.<br>SPECIAL ASSESSMENT: $2,400. FINE: |

18:1343 and Section 2 FRAUD
BY WIRE, RADIO, OR
TELEVISION
(4s–5s)

18:1343 and Section 2 FRAUD
BY WIRE, RADIO, OR
TELEVISION
(6s–11s)

18:1343 and Section 2 FRAUD
BY WIRE, RADIO, OR
TELEVISION
(12s)

18:1957 INTERSTATE
COMMERCE
(13–20)

18:1957 and Section 2
ENGAGING IN MONETARY
TRANSACTIONS
(13s–20s)

15:78j(b) and 78(ff);
17:240.l0b–5 and 18:2
MANIPULATIVE AND
DECEPTIVE DEVICES
(21)

15:78j(b) and 78ff; Title 17, Code
of Federal Regulations, Section
240.l0b–5; and Title 18, United
States Code, Section 2
MANIPULATIVE AND
DECEPTIVE DEVICES
(21s)

18:1343 FRAUD BY WIRE,
RADIO, OR TELEVISION
(22–25)

18:1343 and Section 2 FRAUD
BY WIRE, RADIO, OR
TELEVISION
(22s)

WAIVED. RESTITUTION: Restitution to be
determined by later amendment to this Order.

DISMISSED PURSUANT TO STANDING
ORDER 07–04

CBOP: 70 MONTHS as to Counts 1–3, 6–11,
13–22, 24–28, to be served concurrently.
SUPERVISED RELEASE: 3 YEARS as to Counts
1–3, 6–11, 13–22, 24–28, to be served concurrently.
SPECIAL ASSESSMENT: $2,400. FINE:
WAIVED. RESTITUTION: Restitution to be
determined by later amendment to this Order.

DISMISSED PURSUANT TO STANDING
ORDER 07–04

DISMISSED PURSUANT TO STANDING
ORDER 07–04

CBOP: 70 MONTHS as to Counts 1–3, 6–11,
13–22, 24–28, to be served concurrently.
SUPERVISED RELEASE: 3 YEARS as to Counts
1–3, 6–11, 13–22, 24–28, to be served concurrently.
SPECIAL ASSESSMENT: $2,400. FINE:
WAIVED. RESTITUTION: Restitution to be
determined by later amendment to this Order.

DISMISSED PURSUANT TO STANDING
ORDER 07–04

CBOP: 70 MONTHS as to Counts 1–3, 6–11,
13–22, 24–28, to be served concurrently.
SUPERVISED RELEASE: 3 YEARS as to Counts
1–3, 6–11, 13–22, 24–28, to be served concurrently.
SPECIAL ASSESSMENT: $2,400. FINE:
WAIVED. RESTITUTION: Restitution to be
determined by later amendment to this Order.

DISMISSED PURSUANT TO STANDING
ORDER 07–04

CBOP: 70 MONTHS as to Counts 1–3, 6–11,
13–22, 24–28, to be served concurrently.
SUPERVISED RELEASE: 3 YEARS as to Counts
1–3, 6–11, 13–22, 24–28, to be served concurrently.
SPECIAL ASSESSMENT: $2,400. FINE:
WAIVED. RESTITUTION: Restitution to be

2

| | |
|---|---|
| 18:1343 and Section 2 FRAUD BY WIRE, RADIO, OR TELEVISION (23s) | determined by later amendment to this Order.<br><br>DISMISSED PURSUANT TO STANDING ORDER 07–04 |
| 18:1343 and Section 2 FRAUD BY WIRE, RADIO, OR TELEVISION (24s–25s) | CBOP: 70 MONTHS as to Counts 1–3, 6–11, 13–22, 24–28, to be served concurrently. SUPERVISED RELEASE: 3 YEARS as to Counts 1–3, 6–11, 13–22, 24–28, to be served concurrently. SPECIAL ASSESSMENT: $2,400. FINE: WAIVED. RESTITUTION: Restitution to be determined by later amendment to this Order. |
| 18:1957 INTERSTATE COMMERCE (26–27) | DISMISSED PURSUANT TO STANDING ORDER 07–04 |
| 18:1957 and Section 2 ENGAGING IN MONETARY TRANSACTIONS (26s–27s) | CBOP: 70 MONTHS as to Counts 1–3, 6–11, 13–22, 24–28, to be served concurrently. SUPERVISED RELEASE: 3 YEARS as to Counts 1–3, 6–11, 13–22, 24–28, to be served concurrently. SPECIAL ASSESSMENT: $2,400. FINE: WAIVED. RESTITUTION: Restitution to be determined by later amendment to this Order. |
| 15:78j(b) and 78ff; 17:240.l0b−5 and 18:2 MANIPULATIVE AND DECEPTIVE DEVICES (28) | DISMISSED PURSUANT TO STANDING ORDER 07–04 |
| 15:78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.l0b−5; and Title 18, United States Code, Section 2 MANIPULATIVE AND DECEPTIVE DEVICES (28s) | CBOP: 70 MONTHS as to Counts 1–3, 6–11, 13–22, 24–28, to be served concurrently. SUPERVISED RELEASE: 3 YEARS as to Counts 1–3, 6–11, 13–22, 24–28, to be served concurrently. SPECIAL ASSESSMENT: $2,400. FINE: WAIVED. RESTITUTION: Restitution to be determined by later amendment to this Order. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|

3

None

---

**Plaintiff**

**USA**                                represented by   **Nathan Parker Kitchens**
                                                    Office of the United States
                                                    Attorney–ATL600
                                                    Northern District of Georgia
                                                    600 United States Courthouse
                                                    75 Ted Turner Dr., S.W.
                                                    Atlanta, GA 30303
                                                    404–581–6185
                                                    Email: nathan.kitchens@usdoj.gov
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Retained*

                                                    **Sekret T. Sneed**
                                                    Office of the United States
                                                    Attorney–ATL600
                                                    Northern District of Georgia
                                                    600 United States Courthouse
                                                    75 Ted Turner Dr., S.W.
                                                    Atlanta, GA 30303
                                                    404–581–6000
                                                    Fax: 404–581–6181
                                                    Email: sekret.sneed@usdoj.gov
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/09/2020 | 1 | | INDICTMENT as to Ryan Felton (1) counts 1–12, 13–20, 21, 22–25, 26–27, 28. (ah) (Entered: 09/11/2020) |
| 09/09/2020 | 2 | | Defendant Information Sheet as to Ryan Felton. (ah) Modified on 9/24/2020 to correct file date (adg). (Entered: 09/11/2020) |
| 09/09/2020 | 3 | | Praecipe filed. Arrest Warrant Issued by Magistrate Judge Linda T. Walker as to Ryan Felton. (ah) Modified on 9/24/2020 to correct file date (adg). (Entered: 09/11/2020) |
| 09/11/2020 | 4 | | SEVENTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONAVIRUS. Signed by Judge Thomas W. Thrash, Jr. on 9/1/2020. (ah) (Entered: 09/11/2020) |
| 09/12/2020 | 5 | | NOTICE OF ATTORNEY APPEARANCE: Joshua S. Lowther appearing on behalf of Ryan Felton (Lowther, Joshua) (Entered: 09/12/2020) |
| 09/12/2020 | 6 | | NOTICE OF ATTORNEY APPEARANCE: Katryna Lyn Spearman appearing on behalf of Ryan Felton (Spearman, Katryna) (Entered: 09/12/2020) |

| 09/14/2020 | | | Case as to Ryan Felton Assigned to Judge J. P. Boulee and Magistrate Judge Justin S. Anand. (adg) (Entered: 09/15/2020) |
|---|---|---|---|
| 09/14/2020 | 7 | | Minute Entry for proceedings held before Magistrate Judge John K. Larkins, III: INITIAL APPEARANCE ARRAIGNMENT and BOND Hearing as to Ryan Felton(1). PLEA of NOT GUILTY as to Count 1–12,13–20,21,22–25,26–27,28, Estimated Trial Time–Medium. Bond set at $ 20,000.00. Bond executed, defendant released. (Attachments: # 1 Plea (with counsel)) (Tape #FTR) (adg) (Entered: 09/15/2020) |
| 09/14/2020 | 8 | | Unsecured Bond Entered as to Ryan Felton in amount of $ 20,000.00. (adg) (Entered: 09/15/2020) |
| 09/14/2020 | 9 | | ORDER Setting Conditions of Release as to Ryan Felton. Signed by Magistrate Judge John K. Larkins, III on 9/14/2020. (adg) (Entered: 09/15/2020) |
| 09/16/2020 | 10 | | PRETRIAL SCHEDULING ORDER as to Ryan Felton. Pretrial Conference set for 9/30/2020 at 11:30 AM in ATLA Courtroom 1875. Signed by Magistrate Judge Justin S. Anand on 9/16/2020. (ddm) Modified on 9/29/2020 to edit docket entry (ddm). (Entered: 09/16/2020) |
| 09/23/2020 | 11 | | Arrest Warrant Returned Executed on 9/14/2020 as to Ryan Felton. (kt) (Entered: 09/23/2020) |
| 09/25/2020 | 12 | | NOTICE OF FILING Lis Pendens re: Forfeiture as to Ryan Felton filed by USA (Sneed, Sekret) (Entered: 09/25/2020) |
| 09/28/2020 | 13 | | MOTION to Continue Pretrial Motions Deadline and Pretrial Conference with Brief In Support by Ryan Felton. (Lowther, Joshua) (Entered: 09/28/2020) |
| 09/29/2020 | 14 | | ORDER granting 13 Defendant's Motion to Continuance of as to Ryan Felton. The Pretrial Conference is rescheduled to Wednesday, November 4, 2020 at 10:00 a.m. Pretrial motions are now due on or before October 30, 2020. Signed by Magistrate Judge Justin S. Anand on 9/29/20. (ddm) (Entered: 09/29/2020) |
| 09/29/2020 | 15 | | EIGHTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONAVIRUS. The time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act. Signed by Judge Thomas W. Thrash, Jr. on 09/28/2020. (ddm) (Entered: 09/29/2020) |
| 11/24/2020 | 16 | | ORDER CERTIFYING CASE READY FOR TRIAL as to Ryan Felton. Signed by Magistrate Judge Justin S. Anand on 11/24/2020. (ddm) (Entered: 11/24/2020) |
| 12/08/2020 | 17 | | NINTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONAVIRUS. The time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act. Signed by Judge Thomas W. Thrash, Jr. on 12/08/2020. (ddm) (Entered: 12/08/2020) |
| 01/27/2021 | 18 | | TENTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONAVIRUS. The time period of the |

| | | | |
|---|---|---|---|
| | | | continuances implemented by this General Order will be excluded under the Speedy Trial Act. Signed by Judge Thomas W. Thrash, Jr. on 01/27/2021. (ddm) (Entered: 01/27/2021) |
| 03/10/2021 | 19 | | ELEVENTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONA VIRUS. The time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act as to Ryan Felton. Signed by Judge Thomas W. Thrash, Jr. on 3/9/2021. (tcc) (Entered: 03/10/2021) |
| 03/23/2021 | 20 | | Notice for Leave of Absence for the following date(s): April 27, 2021 through May 11, 2021, by Sekret T. Sneed. (Sneed, Sekret) (Entered: 03/23/2021) |
| 07/03/2021 | 21 | | Notice for Leave of Absence for the following date(s): October 1, 2021, October 21, 2021, and October 22, 2021, by Nathan Parker Kitchens. (Kitchens, Nathan) (Entered: 07/03/2021) |
| 07/11/2021 | 22 | | Joint MOTION to Exclude Time pursuant to 18:3161 by USA as to Ryan Felton. (Attachments: # 1 Text of Proposed Order) (Kitchens, Nathan) (Entered: 07/11/2021) |
| 07/28/2021 | 23 | | NOTICE SETTING TRIAL as to Ryan Felton. Jury Trial set for 11/15/2021 at 09:30 AM in ATLA Courtroom 1908 before Judge J. P. Boulee. (bnw) (Entered: 07/28/2021) |
| 07/29/2021 | | | Submission of 22 Joint MOTION to Exclude Time pursuant to 18:3161 as to Ryan Felton, to District Judge J. P. Boulee. (bdb) (Entered: 07/29/2021) |
| 07/29/2021 | | | ORDER granting 22 Motion to Exclude Time pursuant to USC 18:3161 as to Ryan Felton (1). Signed by Judge J. P. Boulee on 7/29/21. (bnw) (Entered: 07/29/2021) |
| 08/27/2021 | 24 | | Joint MOTION to Continue Trial Date and for a Specially Set Trial Date with Brief In Supportby USA as to Ryan Felton. (Attachments: # 1 Text of Proposed Order) (Sneed, Sekret) (Entered: 08/27/2021) |
| 08/27/2021 | | | NOTICE OF HEARING as to Ryan Felton. Hearing set for 8/27/2021 at 2:45 PM before Judge J. P. Boulee. (bnw) (Entered: 08/27/2021) |
| 08/27/2021 | 25 | | Minute Entry for proceedings held before Judge J. P. Boulee as to Ryan Felton (1): The Court held a motion hearing on 8/27/21. The Court GRANTED–IN–PART and DENIED–IN–PART the 24 Motion to Continue. The Court will tentatively set the jury trial for December 2021. See transcript for more details. (Court Reporter Penny Coudriet) (tcc) (Entered: 08/27/2021) |
| 11/08/2021 | 26 | | Superseding INDICTMENT with forfeiture provision as to Ryan Felton (1) count(s) 1s–12s, 13s–20s, 21s, 22s–25s, 26s–27s, 28s. (tmf) (Entered: 11/08/2021) |
| 11/08/2021 | 27 | | Defendant Information Sheet as to Ryan Felton. (tmf) (Entered: 11/08/2021) |
| 11/08/2021 | 28 | | Request for Arraignment as to Ryan Felton. (tmf) (Entered: 11/08/2021) |
| 11/08/2021 | 29 | | Summons Issued as to Ryan Felton Arraignment set for 11/19/2021 at 10:30 AM in ATLA Courtroom 1879 before Magistrate Judge Alan J. Baverman. (tmf) (Entered: 11/08/2021) |

| 11/19/2021 | 30 | | Minute Entry for proceedings held before Magistrate Judge Alan J. Baverman: INITIAL APPEARANCE, ARRAIGNMENT, PLEA of NOT GUILTY by Ryan Felton (1) as to Counts 1s−12s,13s−20s,21s,22s−25s,26s−27s,28s. (Attachments: # 1 Plea with Counsel) (Tape #FTR) (tmf) (Entered: 11/19/2021) |
| 11/22/2021 | | | NOTICE OF VIDEO PROCEEDING as to Ryan Felton: Hearing set for 11/23/2021 at 10:00 AM before Judge J. P. Boulee. Connection Instructions: Join ZoomGov Meeting https://ganduscourts.zoomgov.com/j/1600216553 Meeting ID: 160 021 6553 Passcode: 604223 One tap mobile +16692545252 You must follow the instructions of the court for remote proceedings available here. The procedure for filing documentary exhibits admitted during the proceeding is available here. *Photographing, recording, or broadcasting of any judicial proceedings, including proceedings held by video teleconferencing or telephone conferencing, is strictly and absolutely prohibited.* (bnw) (Entered: 11/22/2021) |
| 11/22/2021 | | | Notification of Docket Correction re 11/22/21−Notice of Video/Telephone Proceeding: **Hearing is now scheduled for 11/23/21 at 10:30AM.** (bnw) (Entered: 11/22/2021) |
| 11/23/2021 | | | NOTICE SETTING TRIAL as to Ryan Felton. Jury Trial set for 12/15/2021 at 09:30 AM in ATLA Courtroom 1908 before Judge J. P. Boulee. (bnw) (Entered: 11/23/2021) |
| 11/23/2021 | | | NOTICE OF VIDEO PROCEEDING as to Ryan Felton:Status Conference set for 12/1/2021 at 11:30 AM before Judge J. P. Boulee. Connection Instructions: 11:30AM Status Conference USA v. Felton 1:20−cr−347 Join ZoomGov Meeting https://ganduscourts.zoomgov.com/j/1611673726 Meeting ID: 161 167 3726 Passcode: 853850 One tap mobile +16692545252 You must follow the instructions of the court for remote proceedings available here. The procedure for filing documentary exhibits admitted during the proceeding is available |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number:   1:20-cr-00347-JPB-JSA-1 <br> USM Number:  08235-509 |
| RYAN FELTON | <u>JOSHUA LOWTHER</u> <br> <small>Defendant's Attorney</small> |

**THE DEFENDANT:**

The defendant pleaded guilty to counts 1-3, 6-11, 13-22, 24-28 of the Superseding Indictment.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud Relating to FLiK | August 2018 | 1-3 |
| 18 U.S.C. § 1343 | Wire Fraud Relating to FLiK | August 2018 | 6-11 |
| 18 U.S.C. § 1957 | Money Laundering Relating to FLiK | December 2017 | 13-20 |
| 15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 24.l0b-5 | Securities Fraud Relating to FLiK | August 2018 | 21 |
| 18 U.S.C. § 1343 | Wire Fraud Relating to CoinSpark | August 2018 | 22 |
| 18 U.S.C. § 1343 | Wire Fraud Relating to CoinSpark | August 2018 | 24-25 |
| 18 U.S.C. § 1957 | Money Laundering Relating to CoinSpark | June 2018 | 26-27 |
| 15 U.S.C. § 78j(b) and 78ff; 17 C.F.R. § 24.l0b-5 | Securities Fraud Relating to CoinSpark | August 2018 | 28 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

[SIGNATURE ON FOLLOWING PAGE]

DEFENDANT: RYAN FELTON
CASE NUMBER: 1:20-cr-00347-JPB-JSA-1                     Judgment -- Page **2** of **8**

November 22, 2022
Date of Imposition of Judgment

Signature of Judge

J. P. BOULEE, U. S. DISTRICT JUDGE
Name and Title of Judge

November 28, 2022
Date

9

DEFENDANT:  RYAN FELTON
CASE NUMBER:  1:20-cr-00347-JPB-JSA-1

Judgment -- Page **3** of **8**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  **SEVENTY MONTHS as to Counts 1-3, 6-11, 13-22, 24-28, to be served concurrently.**

The court makes the following recommendations to the Bureau of Prisons:  That Defendant be designated to FPC Montgomery.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:   As notified by the United States Marshal, no sooner than 90 days from today's date.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

Defendant delivered on   _____   to   _____

at   _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

10

DEFENDANT:  RYAN FELTON
CASE NUMBER:  1:20-cr-00347-JPB-JSA-1

Judgment -- Page **4** of **8**

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **THREE YEARS as to Counts 1-3, 6-11, 13-22, 24-28, to be served concurrently.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4.  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.   Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  RYAN FELTON
CASE NUMBER:  1:20-cr-00347-JPB-JSA-1                                      Judgment -- Page **5** of **8**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:  www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____   Date _____

USPO's Signature _____   Date _____

DEFENDANT: RYAN FELTON
CASE NUMBER: 1:20-cr-00347-JPB-JSA-1                                    Judgment -- Page **6** of **8**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision:

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information. The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

DEFENDANT:  RYAN FELTON
CASE NUMBER:  1:20-cr-00347-JPB-JSA-1                                  Judgment -- Page **7** of **8**

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

### Special Assessment

TOTAL          $2400.00

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.  The Court waives the fine and cost of incarceration in this case.

### Fine

TOTAL          $0

### Restitution

TOTAL          Restitution to be determined by later amendment to this Order.

The interest requirement is waived for the restitution.

DEFENDANT: RYAN FELTON
CASE NUMBER: 1:20-cr-00347-JPB-JSA-1                                   Judgment -- Page **8** of **8**

Judgment in a Criminal Case
Sheet 6 -- Schedule of Payments

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. ☐ Lump sum payment of $ due immediately, balance due:
    ☐ not later than _____, or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B. ☐ Payment to begin immediately (may be combined with: ☐ C, ☐ D, or ☐ F below): or

C. ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ days *(e.g., 30 or 60 days)* after the date of this judgment; or

D. ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ days *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E. ☐ Payment during the term of supervised release will commence within _____ days *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F. ☑ Special instructions regarding the payment of criminal monetary penalties: Payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the Clerk, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303. Any balance that remains unpaid at the commencement of the term of supervision shall commence within 60 days after release from imprisonment on the following terms: payable at a rate of no less than $250 monthly to U.S. District Court Clerk. You must notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| | ) | |
| v. | ) | Case Number:   1:20-cr-00347-JPB-JSA-1 |
| | ) | USM Number:   08235-509 |
| RYAN FELTON | ) | |
| | ) | <u>JOSHUA LOWTHER</u> |
| | ) | <small>Defendant's Attorney</small> |

**THE DEFENDANT:**

The defendant pleaded guilty to counts 1-3, 6-11, 13-22, 24-28 of the Superseding Indictment.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud Relating to FLiK | August 2018 | 1-3 |
| 18 U.S.C. § 1343 | Wire Fraud Relating to FLiK | August 2018 | 6-11 |
| 18 U.S.C. § 1957 | Money Laundering Relating to FLiK | December 2017 | 13-20 |
| 15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 24.l0b-5 | Securities Fraud Relating to FLiK | August 2018 | 21 |
| 18 U.S.C. § 1343 | Wire Fraud Relating to CoinSpark | August 2018 | 22 |
| 18 U.S.C. § 1343 | Wire Fraud Relating to CoinSpark | August 2018 | 24-25 |
| 18 U.S.C. § 1957 | Money Laundering Relating to CoinSpark | June 2018 | 26-27 |
| 15 U.S.C. § 78j(b) and 78ff; 17 C.F.R. § 24.l0b-5 | Securities Fraud Relating to CoinSpark | August 2018 | 28 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

[SIGNATURE ON FOLLOWING PAGE]

16

DEFENDANT:   RYAN FELTON
CASE NUMBER:  1:20-cr-00347-JPB-JSA-1                                                 Judgment -- Page **2** of **8**

November 22, 2022
_____
Date of Imposition of Judgment

_____
Signature of Judge

J. P. BOULEE, U. S. DISTRICT JUDGE
_____
Name and Title of Judge

November 28, 2022
_____
Date

17

DEFENDANT:   RYAN FELTON
CASE NUMBER:   1:20-cr-00347-JPB-JSA-1                                          Judgment -- Page **3** of **8**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

        The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for
a total term of:   **SEVENTY MONTHS as to Counts 1-3, 6-11, 13-22, 24-28, to be served concurrently.**

        The court makes the following recommendations to the Bureau of Prisons:   That Defendant be
designated to FPC Montgomery.

        The defendant shall surrender for service of sentence at the institution designated by the Bureau of
Prisons:   As notified by the United States Marshal, no sooner than 90 days from today's date.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
                        UNITED STATES MARSHAL

_____
                        DEPUTY UNITED STATES MARSHAL

18

DEFENDANT:  RYAN FELTON
CASE NUMBER:  1:20-cr-00347-JPB-JSA-1                                   Judgment -- Page **4** of **8**

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

      Upon release from imprisonment, you will be on supervised release for a term of:  **THREE YEARS as to Counts 1-3, 6-11, 13-22, 24-28, to be served concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.   Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  RYAN FELTON
CASE NUMBER:  1:20-cr-00347-JPB-JSA-1                                                    Judgment -- Page **5** of **8**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not work full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.


**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:  www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.


Defendant's Signature _____     Date _____

USPO's Signature _____     Date _____

DEFENDANT: RYAN FELTON
CASE NUMBER: 1:20-cr-00347-JPB-JSA-1                                    Judgment -- Page **6** of **8**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision:

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information. The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

DEFENDANT:  RYAN FELTON
CASE NUMBER:  1:20-cr-00347-JPB-JSA-1

Judgment -- Page **7** of **8**

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

### Special Assessment

TOTAL        $2400.00

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.  The Court waives the fine and cost of incarceration in this case.

### Fine

TOTAL        $0

### Restitution

TOTAL        Restitution to be determined by later amendment to this Order.

The interest requirement is waived for the restitution.

### Forfeiture

It is further ordered that all of the Defendant's right, title and interest in the property identified in the Consent

Preliminary Order of Forfeiture dated November 22, 2022, which is hereby incorporated by reference, is

forfeited.

DEFENDANT:  RYAN FELTON
CASE NUMBER:  1:20-cr-00347-JPB-JSA-1

Judgment -- Page **8** of **8**

Judgment in a Criminal Case
Sheet 6 -- Schedule of Payments

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A.  ☐ Lump sum payment of $ due immediately, balance due:
      ☐ not later than _____, or
      ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B.  ☐ Payment to begin immediately (may be combined with: ☐ C, ☐ D, or ☐ F below): or

C.  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ days *(e.g., 30 or 60 days)* after the date of this judgment; or

D.  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ days *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E.  ☐ Payment during the term of supervised release will commence within _____ days *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F.  ☑ Special instructions regarding the payment of criminal monetary penalties:  Payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the Clerk, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303. Any balance that remains unpaid at the commencement of the term of supervision shall commence within 60 days after release from imprisonment on the following terms: payable at a rate of no less than $250 monthly to U.S. District Court Clerk. You must notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s):

☐     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:20-CR-00347-JPB-JSA-1 |
| v. | ) | |
| | ) | |
| RYAN FELTON | ) | |

**NOTICE OF APPEAL**

Mr. RYAN FELTON, pursuant to Fed. R. App. P. 4(b)(1)(A)(i), respectfully notifies this Court of his appeal from the sentence in the Judgment in a Criminal Case (ECF No. 56-1) to the United States Court of Appeals for the Eleventh Circuit.

Date:       December 12, 2022

Respectfully submitted,

_**s/ Joshua Sabert Lowther, Esq.**_
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
jlowther@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

Attorney for Defendant
Ryan Felton

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:20-CR-00347-JPB-JSA-1 |
| v. | ) | |
| | ) | |
| RYAN FELTON | ) | |

**CERTIFICATE OF SERVICE**

I certify that on December 12, 2022, I electronically filed the foregoing

NOTICE OF APPEAL with the Clerk of the United States District Court for the

Northern District of Georgia by way of the CM/ECF system, which

automatically will serve this document on the attorneys of record for the

parties in this case by electronic mail.

Date:        December 12, 2022

Respectfully submitted,

***s/ Joshua Sabert Lowther, Esq.***
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
jlowther@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com